■ JAMCO BUILDING MAINTENANCE CORP., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [724 NYS2d 20] —Petition granted, decision after hearing by respondent Division of Human Rights, dated May 5, 1999, which found petitioner to have discriminated against the individual respondent and directed compensation in the amount of $151,708.64, unanimously annulled and vacated, on the law and the facts, the underlying administrative complaint denied and the proceeding dismissed, without costs. This CPLR article 78 proceeding was transferred to this Court by order of the Supreme Court, New York County (Nicholas Figueroa, J.), entered August 13, 1999.

The Division found, after extended hearings before two successive Administrative Law Judges, that petitioner had shown disparate treatment to its employee, respondent Sierra, by cutting her work hours, denying her uniforms and a locker for changing, and terminating her in retaliation after an altercation with a co-worker instead of disciplining the co-worker for purportedly sexually harassing Sierra. The assertion of reduced work hours seems inconsistent with Sierra's claim, at the hearing, that she was given more work than her co-workers. With regard to private changing facilities, petitioner did provide a small room for Sierra to change in, because of the unavailability of separate lockers for female employees.

As to the more serious allegations of sexual harassment and retaliation, factfinders in two prior hearings independently rejected these assertions as incredible—the New York State Department of Labor, after a hearing on Sierra's claim for unemployment benefits following her termination, and her own union, after the filing of a grievance against her employer, the petitioner herein. We note that the Division's Administrative

Law Judge who recommended the ruling in Sierra's favor herein did not enter this case until *after she had testified*. Thus, every factfinder who has *actually heard* Sierra's testimony on this claim has found her to be lacking in credibility. This is consistent with prior, unrelated complaints by Sierra against two former employers, which were never substantiated, one of them prompting a Federal judge to condemn her in rather strong terms. Furthermore, in the instant case, a court-appointed psychiatrist who examined Sierra described her belief of sexual harassment in terms of paranoid personality disorder, delusional psychosis and a distorted view of reality.

We emphasize that none of these points—the hearings on these facts in other forums or the unrelated proceedings involving other employers (all of which are subject to judicial notice), or the testimony of the expert psychiatrist—takes precedence over the factual record in this proceeding. But what cannot be ignored is that as to Sierra's rather detailed complaint of sexual harassment at the hands of a co-worker, which she asserts was ignored by her employer, the record is devoid of a single piece of corroborating evidence, despite her identification of several supposed witnesses.

Accordingly, we hold that the findings and conclusions of the Division's Commissioner are not supported by substantial evidence in this record. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Friedman, JJ.